IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| Plaintiff, | ] |
| v. | ] 2:18-cr-166-KOB-JEO |
| DONALD V. WATKINS, SR. and DONALD V. WATKINS, JR., | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

A Superseding Indictment charged ten counts against both Defendants Donald V. Watkins, Sr. and Donald V Watkins, Jr.: Count One--Conspiracy to Commit Bank or Wire Fraud; Counts Two, Three, Four, Five, Six, Seven, & Eight--Wire Fraud; and Counts Nine & Ten--Bank Fraud. (Doc. 4). Both Defendants chose to proceed pro se. After a lengthy two week trial with over 30 witnesses and more than 200 exhibits, a jury found Defendant Donald V. Watkins, Sr. guilty of all ten counts and Defendant Donald V. Watkins, Jr. guilty of only Counts One and Two and not guilty on Counts Three through Ten. (Docs. 157 & 158). The court denied both Defendants' motions for judgment of acquittal at the close of the Government's case and again at the close of all of the evidence.

(Docs. 153, 154, 155, & 156).

After the jury verdict, both Defendants Watkins, Sr. and Watkins, Jr. filed pro se motions for judgment of acquittal or, in the alternative, for a new trial. (Docs. 163 & 164). The Government filed a consolidated response (doc. 168) and both Defendants filed replies, with Defendant Watkins, Jr. now represented by counsel (docs. 178 & 179). For the following reasons, the court DENIES both motions for judgment of acquittal or, in the alternative, a new trial. (Docs. 163 & 164).

**Standard of Review**

Both Defendants raise two separate legal issues: whether the court should enter a judgment for acquittal on his behalf under Fed. R. Crim. P. 29 and whether the court should grant a new trial Fed. R. Crim. P. 33. Each standard of review will be discussed in turn.

    a. **Motion for Judgment of Acquittal**

A motion for judgment of acquittal allows the court to determine if the evidence submitted is insufficient to sustain a conviction. *See* Fed. R. Crim. P. 29(a) ("After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."). "A district court may overturn the jury's verdict and enter a judgment of acquittal

under Rule 29 only 'if there is insufficient evidence to sustain the verdict.'" *United States v. Gilbert*, No. 2:17-cr-00419-AKK-TMP, 2018 WL 5253517, at *1 (N.D. Ala. Oct. 22, 2018) (quoting *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004)). And the court must uphold the conviction "unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Frank*, 559 F.3d 1221, 1233 (11th Cir. 2010).

The court must resolve evidentiary disputes in favor of the Government. "In ruling upon a Motion for Judgment of Acquittal, a district court must determine whether the relevant evidence, viewed in a light most favorable to the Government, could be accepted by a jury as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Varkonyi*, 611 F.2d 84, 85 (5th Cir. 1980). The court "must accept all reasonable inferences tending to support the Government's case," and must resolve "any conflicts in the evidence" in the Government's favor. *United States v. Taylor*, 972 F.2d 1247, 1250 (11th Cir. 1992). Further, the court "must accept all reasonable inferences and credibility determinations made by the jury." *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006) (quoting *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989))

### b. Motion for New Trial

The court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. On a motion for new trial based upon the weight of the evidence, the court "may weigh the evidence and consider the credibility of the witnesses." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). Unlike the motion for judgment of acquittal, the court does not have to view the evidence in the light most favorable to the verdict. *See id.* However, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313. Courts have "substantial discretion in determining whether to grant such a motion." *United States v. Estrada-Lopez*, 259 F. Supp. 2d 1358, 1371 (M.D. Fla. 2017).

Courts do not favor motions for new trial based upon the weight of the evidence and should grant such motions "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Martinez*, 763 F.2d at 1313 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). In the past, "courts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." *Id.*

**Discussion**

The Defendants' two motions are intertwined. "If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Fed. R. Crim. P. 29(d)(1). The court will analyze the motions for judgment of acquittal before turning to the motions for a new trial.

a. **Motions for Judgment of Acquittal**

The court first considers whether a jury could have found Defendants Watkins, Sr. and Watkins, Jr. guilty under any reasonable construction of the evidence. *See Frank*, 559 F.3d at 1233 ("A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence.").

The court has reviewed the record in this case, including the voluminous exhibits introduced into evidence, the witnesses' testimony at trial, and Defendant Watkins, Sr.'s testimony at trial. Viewing the record in the light most favorable to the Government, the jury had before it sufficient evidence on which to find Defendant Watkins, Sr. guilty of Counts One through Ten charged in the Superseding Indictment and Defendant Watkins, Jr. guilty of Counts One and Two.

### 1. Defendant Donald V. Watkins, Sr.

The jury could reasonably conclude that the Government proved each element of conspiracy, wire fraud, and bank fraud beyond a reasonable doubt against the Defendant Watkins, Sr. The court thoroughly charged the jury and correctly instructed it about the elements that the Government would have to prove beyond a reasonable doubt for each of the ten counts against Defendant Watkins, Sr. And the evidence in the record and all reasonable inferences from it is sufficient to support the jury's finding on each element of every Count against Defendant Watkins, Sr.

The jury reasonably could have found that Watkins, Sr. conspired with Watkins, Jr. to commit wire fraud by agreeing to solicit investments from victims based on misrepresentations about how their investment money would be used. The victims testified at trial that, if they had known the truth about how the Defendants would use their investment monies to pay expenses such as alimony, back-taxes, old debts, or advertising for Watkins, Jr.'s insurance agency, they would not have invested with the Defendants.

The record is also replete with evidence and reasonable inferences from that evidence to support the jury's finding that Watkins, Sr. knowingly used interstate wire communications to intentionally defraud the victims based on material

misrepresentations made by him in emails and based on his receipt of wire transfers of moneys based on those misrepresentations. Moreover, sufficient evidence exists in the record to support a jury finding that Watkins, Sr. committed bank fraud involving the loans sought in the name of Dr. Arrington, but for the benefit of bank insider Watkins, Sr., who had borrowed the maximum amount on his line of credit at Alamerica Bank.

The jury heard directly from Defendant Watkins, Sr. and had every right to disbelieve him, find him not credible, and reject his good faith defense. The court notes that, in his numerous objections to the Pre-Sentence Report, Defendant Watkins, Sr. continues to assert the "theory of the case" he presented during trial. He even testified at length about his view that he had the right to use funds he solicited and received in anyway he chose; he presented both the theory that (1) the Masada operating agreements and (2) the sale of a percentage of his interest in Pencor through the economic participation agreements gave him the right to spend investor's contributions in any way. The jury saw the documents—volumes of them—and heard his testimony. In short, the jury did not buy his sales pitch.

This court will not disturb a jury finding when a jury could have reasonably concluded from the evidence that Watkins, Sr. was guilty of Counts One through Ten as charged in the Superseding Indictment. Therefore, a judgment of acquittal is inappropriate on any of the Counts against Defendant Watkins, Sr.

## 2. Defendant Donald V. Watkins, Jr.

Accepting all reasonable inferences from the evidence in the record, the court finds that the jury had sufficient evidence on which to find Defendant Watkins, Jr. guilty of conspiracy to commit wire fraud in Count One and wire fraud in Count Two.[1]  As evidenced by the jury's finding of not guilty on Counts Three through Ten against Defendant Watkins, Jr., the jury thoughtfully and carefully analyzed the plethora of evidence admitted in this case against Defendant Watkins, Jr.  Likewise, this court has carefully and thoughtfully considered the evidence in the record.  The court *cannot* say that no reasonable construction of the evidence would allow the jury to find Defendant Watkins, Jr. guilty of conspiracy to commit wire fraud in Count One and wire fraud involving Mr. Barkley in Count Two.

As the court explained on the record before denying the motions for judgment of acquittal after the close of all of the evidence, it tried to keep a running tab of the evidence as to each count, along with the corresponding exhibits, as they were admitted during trial.  The court indicated that it watched carefully for evidence concerning Defendant Watkins, Jr.'s involvement in the case as the trial progressed.  Specifically, the court referenced on the record

---

[1] Because the jury specifically returned a verdict of not guilty on the bank fraud claims, the court finds that likewise the jury did not find Defendant Watkins, Jr. guilty of the conspiracy to commit bank fraud.

Government's Exhibit 46 (doc. 180-39) that pre-dated the specific counts in the Superseding Indictment as evidence sufficient for the jury to infer Defendant Watkins, Jr.'s criminal involvement in the conspiracy and in the specific counts against him.

In Government's Exhibit 46, an email from Defendant Watkins, Jr. to Defendant Watkins, Sr. dated April, 3, 2012, with the subject line "Idea for money," Watkins, Jr. wrote: "You need to consider going back to Barkley for one last million loan/investment. I hate to go there but I don't think we have many more options. Perhaps the Nabirim and uranium developments may be enough to pique his consideration. You need to call him as soon as you get back if not while you over in Sierra Leone. I can't make that call." (Doc. 180-39). Defendant Watkins, Jr. continued to list $600,000 in expenses to be paid from any money obtained from Barkley as a loan or investment, including $40,000 for 2009 Georgia and federal income taxes; $105,000 for an American Express bill; $45,000 for loan interest payments; and $95,000 for past due bills, loan payments, fee payments and alimony. A jury could reasonably infer from this email Defendant Watkins, Jr.'s involvement in a conspiracy with Watkins, Sr. to try to solicit funds from Barkley using false statements about business needs, but using the proceeds for personal expenses and gain. This evidence, along with the other evidence in the record, is sufficient for a jury to find Defendant Watkins, Jr. guilty

of conspiracy to commit wire fraud as set out fully in Count One of the Superceding Indictment.

Moreover, Count Two involved a $150,000 loan from Charles Barkley to Defendant Watkins, Sr. In soliciting that loan, Defendant Watkins, Sr. sent Barkley an email on May 24, 2013, on which he copied Defendant Watkins, Jr., claiming that Watkins, Sr. needed the loan because he "had to cover $600,000 in April and May expenditures related to these [Masada and Nabirm] projects"; that, after paying all those expenses, his "office account [was] far too thin for [his] personal comfort"; that he needed the loan to cover these expenditures until he received an "allotment of working capital" on June 1; and that the $600,000 in expenditures included "some substantial legal fees" related to a "$10 million investment transaction" for Nabirm. (Doc. 180-44). Yet, the evidence at trial showed that Watkins, Sr. had not paid $600,000 worth of business expenses in the week prior to his May 24, 2013 and that he did not receive any working capital on June 1. The jury could reasonably conclude that Defendant Watkins, Jr., as the office manager and keeper of the books for Watkins, Sr., knew that the representations in this email regarding the alleged payment of $600,000 in business expenses were false.

Based on these false representations, Barkley agreed to the loan, and the loan document expressly states that "the debt evidenced by this Note was made

and transacted solely for business purposes related to Masada Resource Group, LLC." (Doc. 180-53 at 2). Yet, the record reflects emails between Watkins, Sr. and Watkins, Jr. specifically detailing *personal* expenses for both Watkins, Sr. and Watkins, Jr. to be paid from the loan proceeds, including a $79,000 American Express bill for Watkins, Jr. (Doc. 180-252).

The jury had sufficient evidence in the record to find that Watkins, Jr. aided and abetted Watkins, Sr. in soliciting funds for the loan from Barkley to cover business expenses knowing that those funds would be used to cover personal expenses. As the preparer of business documents for Watkins, Sr., the jury could reasonably infer that Defendant Watkins, Jr. knew that these funds from the loan could be used for *business* purposes only, and not to pay his *personal* expenses. Because the jury had before it sufficient evidence to find Watkins, Jr. guilty beyond a reasonable doubt of the wire fraud charge involving the $150,000 loan to Barkley in Count Two, Watkins, Jr.'s motion for judgment of acquittal should be denied.

### b. Motions for New Trials

The Defendants have not met the high burden necessary for a new trial. After reviewing the record in this case, the court cannot find that the "evidence preponderates so heavily against the verdict that it would be a miscarriage of

justice to let the verdict stand." *See United States v. Martinez*, 763 F.2d 1297, 1312, 1313 (11th Cir. 1985). As such, the court cannot set aside the jury verdict as to Defendants Watkins, Sr. or Watkins, Jr. on any of the Counts on which the jury found them guilty.

The court will enter a separate Order denying both Defendants' motions for judgment of acquittal or, in the alternative, a new trial (docs. 163 & 164).

DONE and ORDERED this 10th day of July, 2019.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE